UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | Case No. 1:18-cr-00109(11) |
| Plaintiff, | : | |
| | : | (Judge Douglas R. Cole) |
| vs. | : | |
| | : | **DEFENDANT, JESSICA MARTIN'S,** |
| **JESSICA MARTIN,** | : | **SENTENCING MEMORANDUM** |
| | : | |
| Defendant. | : | |

### PREFACE

Defendant, Jessica Martin, is respectfully requesting that the Court impose a sentence of one (1) day imprisonment, followed by a period of supervised release.  As such, Ms. Martin is hopeful that this sentence is one to which the government will not oppose.

### INTRODUCTION

This type of sentence requested reflects the nature and circumstances of Ms. Martin's offense, her history and characteristics, and is "sufficient, but not greater than necessary" to serve the purposes of sentencing set forth at 18 U.S.C. §3553(a).

In summary, Jessica Martin was born and raised into a turbulent household and was subjected to sexual and physical abuse, which will be addressed in more detail herein.

Now, at age 32, she is leading a positive life supporting herself and her 14-year old daughter.

She stands before this Court after having entered a plea of guilty to a (RICO) violation of 18 U.S.C. §§1962(d) and 1963(a).

As will be discussed herein, Ms. Martin is requesting a departure, as well as a variance, downward from the advisory sentencing guidelines applicable to her.

## BACKGROUND

Ms. Martin was born in the Bronx, New York. She presently resides in Ft. Lauderdale, Florida.

When she was 8 or 9 years old, she was sexually abused by a friend's father. As a child, she was physically abused by her father. Her father is currently in federal prison with an anticipated release date of 2032. It appears that her father is serving time for some type of offense or offenses involving children and child molestations. She has no relationship with her father.

She does remain close with her mother, however, who also lives in Florida. She has a good relationship with her siblings. Her brother was interviewed during the pre-sentence investigation and spoke to her character as being loyal and caring, and putting others' needs above her own. In fact, the brother interviewed was shocked to find out she was involved in a federal offense. He further describes Ms. Martin as an amazing mother to her 14-year old daughter, Jewel, who presently is doing well in school.

While a teenager, Ms. Martin was moved by her mother to various states, including Arizona, Missouri and Kansas.  However, she ended up back in Florida where she presently resides.

Ms. Martin is a high school graduate and it is noteworthy that she has no prior criminal record whatsoever, either as an adult or a juvenile.  Her behavior and participation in the instant offense seems to be aberrant.

Several years ago Ms. Martin married, but has been separated for approximately five years.  Her daughter, Jewel, is a product of this marriage.  Ms. Martin is seeking a divorce, as her husband was always very abusive to her and was in trouble with the law.  Moreover, he has not been a good father to Jewel.

This brings us up to her present situation.  She was arrested on July 31, 2018, approximately 4-½ years ago.  She was released and placed on supervision.  Ms. Martin has been continuously on pre-trial supervision and she has done incredibly well during this lengthy pre-trial duration.  She has been fully compliant with all conditions and does not appear to have any substance abuse issues.

She is gainfully employed as an office manager at a company called Empire Medical Training, where she has worked for approximately three years.  She enjoys her job.

She has considerable debts, primarily student loans. She makes approximately only $40,000/year, thus, she is able to barely make ends meet financially for herself and her daughter.[1]

**OFFENSE CONDUCT**

The conduct set forth in the statement of facts attached to the plea agreement accurately set forth Ms. Martin's participation in the moving enterprise conspiracy. Since there are several co-defendants, this Court is well-informed about the scope of the crime and participation by other co-defendants.

More specifically, Ms. Martin's mother, co-defendant Phyllis Ricci Quincones, was employed in the Florida office of the moving company enterprise. Ms. Quincones was able to have the moving company hire her daughter into the office. Ms. Martin worked in customer service and then in dispatch. She created false spreadsheets and knew her actions in doing so were in furtherance of the fraud perpetrated upon customers of the moving company. Among other things as well, she created fake positive reviews for the company where she was employed from 2014 until 2018. Her office work supported the crime.

**OBJECTIONS TO PSR**

The objection posed and presented in the pre-sentence report as to Ms. Martin's role is herewith withdrawn from the Court's consideration.

---

[1] Defense counsel represents Jessica Martin via CJA appointment.

**PLEA AGREEMENT**

There is a plea agreement between the government and the defense. It is also anticipated that the government will be filing a motion pursuant to §5K1.1 of the sentencing guidelines.

**Sentencing Guidelines**

The probation report accurately sets forth the sentencing guidelines herein yielding a total net offense level of 22, with a criminal history category of I.

**ARGUMENT**

For a variety of reasons, Jessica Martin is an outstanding candidate to receive a non-custodial sentence, with one (1) day imprisonment followed by a period of supervised release.

No limitations should be placed on the information concerning the background, character and conduct of a person convicted of an offense that a court of the United States may receive and consider for the purpose of imposing an appropriate sentence. 18 U.S. Code §3661. It has been uniform and constant in the federal judicial tradition for the sentencing judge to consider every convicted person as an individual and every case as a unique study in the human failings that sometimes mitigate, sometimes magnify, the crime and the punishment to ensue. *Koon v. United States,* 518 U.S. 81, 116 S. Ct. 2035, 135 L. Ed. 2d 392 (1996).

The pre-sentence report recognizes and identifies a potential departure for family ties and responsibilities. USSG §5H1.6. Although this type of departure is ordinarily unwarranted, the pre-sentence report and Application Note (1)(B) recognizes that certain circumstances can be considered. Here, considerable harm would come to Ms. Martin's teenage daughter if Ms. Martin were incarcerated as Jewel's father simply appears to be an unfit parent. This surely is a concern of Ms. Martin and drew the attention of the author of the pre-sentence report.

Additionally, the probation report, in Paragraphs 139 and 140, suggests that a downward variance from the guidelines may be appropriate. This is primarily based upon the physical and sexual abuse perpetrated upon Ms. Martin as a child, her overall difficult childhood and her father's absence from her life, which parental relationship never really existed.

The Court is well aware of the substantial amount of restitution due to the numerous victims of the enterprise's offense. Other co-defendants obviously reaped large financial ill-gotten gains as a result of this crime. However, Ms. Martin did not benefit financially herself. She was simply given a job in the office earning a meager wage.

Thus, her role, although admittedly not minor under the guidelines, was of a lesser extent to that of many of the others who gained substantial monies from the victims.

Lacking any prior criminal history, Ms. Martin's actions appear to have been aberrant and any criminal activity is unlikely to recur. We should have

no fear of her walking among us, as there is no need to protect the public from her. See 18 U.S.C. 3553(a)(2)(C).

Ms. Martin has demonstrated not only acceptance of responsibility, but has shown sincere remorse for what she has done by virtue of her being open and honest during government proffers and cooperating with the investigation throughout this case.

Her 4-½ years of post-conduct activities have been extremely positive.

Although not contained in the plea agreement, it is hoped that the government will not object to a significant downward variance from the guidelines.

## **CONCLUSION**

Ms. Martin was involved with and committed a very serious offense. Nothing contained herein is meant or designed to minimize its seriousness nor the financial impact it had on many victims.

Nevertheless, Ms. Martin's situation is unique. This is one of those cases in the federal system that does not cry out for the imposition of a jail sentence.

It is, therefore, respectfully requested that the Court impose a sentence of one (1) day imprisonment, followed by a period of supervised release, with any other conditions that would satisfy the spirit and intent of the sentencing laws and would further the interest of justice.

/s/ *Richard J. Goldberg*
Richard J. Goldberg  (0005979)
Attorney for Jessica Martin
Schuh & Goldberg, LLP
2368 Victory Parkway, Suite 650
Cincinnati, Ohio  45206
(513) 321-2662
(513) 321-0855 (Fax)
richjgoldberg@yahoo.com

**CERTIFICATE OF SERVICE**

I hereby certify that I have served a copy of the foregoing Sentencing Memorandum upon the office of the Assistant United States Attorney for the Southern District of Ohio, via electronic filing, this 10th day of March, 2023.

/s/ *Richard J. Goldberg*
Richard J. Goldberg
Attorney for Jessica Martin